JAMES F. FERNALD, Appellant, *vs.* GEORGE E. JOHNSON, Assignee.

Waldo.   Opinion November 25, 1880.

*Insolvent law.   Provable debts.   Contingent liabilities.*

A contract given by one partner to another to assume all the debts of the firm, and save him harmless therefrom, is not such a claim as may be proved against the estate of the obligor in insolvency until there has been a breach. It is not a contingent debt nor a contingent liability, for until the breach, there is no liability. The contingency is whether there ever will be a debt or liability.

Nor is there any claim for unliquidated damages, for until the breach there are no damages to be assessed.

A contingency, depending upon a breach of a contract by one of the parties, is not such as is required under the insolvent law to make a contingent debt or liability.

ON EXCEPTIONS.

An appeal from the decision of the judge of the insolvent court, Waldo county, disallowing the claim of appellant.

The opinion states the case.

*Wm. H. Fogler*, for the appellant.

The language of the insolvent law, stat. 1878, c. 74, § 22, as amended by stat. 1879, c. 154, § 9, in relation to contingent debts and contingent liabilities, is identical with § 5068, U. S. bankrupt act. Clark entered into a contract with Fernald, to indemnify the latter for the payment of debts of the firm. If he is obliged to pay any of these, he has his remedy against Clark. This claim is a contingent liability within the meaning of the statute. *Woodard* v. *Herbert*, 24 Maine, 358; *Ellis* v. *Ham*, 28 Maine, 385; *Dole* v. *Warren*, 32 Maine, 95; Bump Bankruptcy, 569, *et seq.; Fisher* v. *Tifft*, (R. I.) 18 Am. Law Reg. N. S. 9; *Merrill* v. *Schwartz*, 68 Maine, 514.

If the claim is not a contingent liability, then is it not a liability for unliquidated damages growing out of a contract, and provable under the same statute?

*George E. Johnson*, for the appellee.

DANFORTH, J.   Prior and up to November 27, 1878, the claimant in this case and Andrew E. Clark, were partners in

business. On that day, the firm was dissolved, and the parties entered into a written agreement, by which the partnership effects were disposed of, and Clark became bound to pay certain individual liabilities against Fernald, and assume all liabilities, debts and demands outstanding against said firm, and save the said Fernald harmless from all cost, or damage on account of the same. So far there has been no breach of this contract.

Clark having applied for a discharge from his debts under the insolvent law, Fernald seeks to prove his claim under this contract, against his estate.

Whether the claimant could prove the partnership debts, as being holden therefor "as surety, guarantor, or otherwise" is not a question now before the court. There is no action pending on the contract, defended on the ground that the claim was so provided for under the law; nor is it proposed to prove the debts in any such capacity; but the simple and only question presented is, shall the claimant be allowed to prove his own claim under and by virtue of the contract of dissolution?

The practical difficulties apparent from an affirmative answer, are so great, that it cannot be allowed unless the terms of the statute require it.

If allowed at all, it must be in one of the two ways suggested in the argument; as "a contingent debt, or liability," or "a claim for unliquidated damages."

The provision of the statute is, "When the insolvent is liable for unliquidated damages, arising out of any contract or promise . . . . . the court may order such damages to be assessed . . . . and the sum so assessed may be proved against the estate." It will be seen at once that the claim in question fails entirely to come within this description. The case finds that there has been no breach of the contract, nor does it contain any promise to pay a sum of money either definite or indefinite. In legal contemplation, there can be no damages to assess, either unliquidated, or otherwise.

The other provision is that, "In all cases of contingent debts and contingent liabilities, contracted by the insolvent, . . . the creditor may make claim therefor, and have his claim allowed

with the right to share in the dividends if the contingency happens before the order for the final dividend; or he may at any time apply to the court to have the present value of the debt or liability ascertained and liquidated, . . . and he shall be allowed to prove for the amount so ascertained."

It is evident that no claim can be proved under this statute, the amount of which cannot be made certain. Without that, the present value cannot be ascertained, nor can any dividend be declared if the contingency should happen, nor can the assignee fix upon any amount to be reserved "which shall be equal to the dividend which would be due upon such claim, if finally allowed." The contract in this case is not confined to any one demand, nor any specific number of demands. It covers all the partnership debts without specifying any one as to amount, or to whom due. Shall he be permitted to prove all if he can? But some of them have already been proved, and it is not the policy of the law to allow dividends to different individuals upon the same demand. Is he to receive a dividend only upon such amounts as he has paid? Then who is to decide what that amount is? Shall it be left with the assignee, or is he a second time to go through with the process of proving his claims?

The contingency is not such a one as is contemplated by the law. The words of the statute, "contingent liabilities, contracted by the insolvent," surely cannot refer to such a contingency as, whether the insolvent will keep, or break his own contract. It must be something more definite. Some event more reliable and upon which some calculation can be based. In this case there is not only one, but several contingencies, all of which are equally uncertain. There is not only the uncertainty as to the neglect of the contractor to pay, but there must also be a demand by the creditor, and payment by the claimant, who may or may not be able to respond.

But without referring further to the numerous difficulties in the way of the claimant's proposition, it is enough to say that so far as the case shows, up to the present time, the insolvent is under no liability to him either contingent or otherwise, and the contingency whatever that may be, is whether he ever will be.

It is evident that under this statute, there is nothing which can be proved unless there is a debt or liability. If none exists, there can be no contingency attached to it. In this case, there is an obligation perhaps to do certain things, but no liability to the obligee until there has been a neglect and an injury resulting from it. Here there has been none. There is in the contract no promise to pay any sum of money and no liability to do so can arise except by a breach of it. Until that time, no relation of debtor and creditor exists between the parties, and then only to the extent of payments made in consequence of such breach; and the contingency is not whether a debt existing shall become absolute, but whether any shall ever exist. A contingent liability is one thing, a contingency, the happening of which may bring into existence a liability, is another, and a very different thing. In the former case there is a liability which will become absolute upon the happening of a certain event; in the latter there is none until the event happens. The difference is simply that which exists between a conditional debt or liability, and none at all.

This distinction has been fully recognized and sustained in the following cases decided under similar statutes, viz: *Woodard* v. *Herbert*, 24 Maine, 358; *Ellis* v. *Ham*, 28 *Id.* 385; *Dole* v. *Warren*, 32 *Id.* 94; *Reed* v. *Pierce*, 36 *Id.* 455; *Fowler* v. *Kendall*, 44 *Id.* 448; *French* v. *Morse*, 2 Gray, 111; *Bennett* v. *Bartlett*, 6 Cush. 225; *Riggin* v. *Magwire*, 15 Wallace, 549.

The case of *Fisher* v. *Tifft*, 18 Am. Law Reg. N. S. 9, we think is more than answered by the elaborate and learned note which follows it.

*Exceptions overruled.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.