St. Joseph Mfg. Co. vs. Miller and others.

St. Joseph Manufacturing Company, Appellant, vs. Miller, Respondent, and others.

*September 22 — October 11, 1887.*

*Garnishment, what subject to.*

If, on appeal by a railroad company from a judgment against it for personal injuries, upon which it has been garnished by a creditor of the plaintiff, such judgment is reversed, and such creditor perfects his judgment against the plaintiff before the latter recovers another and final judgment against the company, the latter judgment is, under sec. 2769, R. S., not subject to nor affected by the garnishment.

APPEAL from the County Court of *Milwaukee* County.

The defendant Yorton brought an action against the Milwaukee, Lake Shore & Western Railway Company to recover damages for personal injuries alleged to have been inflicted upon him, when a passenger on one of its trains, by the employees of the company. December 2, 1881, he recovered judgment in such action against the railway company for something over $1,200, damages and costs. On the same day, the plaintiff, the St. Joseph Manufacturing Company, commenced an action against Yorton, and caused the railway company to be summoned as a garnishee therein. January 30, 1882, Yorton assigned such judgment to Wyckoff, Tuttle & Olin, who duly notified the railway company of such assignment. After such assignment and garnishment, the railway company took an appeal from Yorton's judgment against it, which resulted in the reversal thereof, and the award of a new trial. A second trial was had, in which Yorton recovered a small judgment, which, on his appeal, was reversed, and another new trial awarded. The cause was again tried, and resulted in a verdict for Yorton of $1,000. June 26, 1886, Yorton assigned his interest in said verdict, and any judgment that might be

entered thereon, to the respondent *B. K. Miller*, who gave notice of such assignment to the railway company. Long before the rendition of such verdict, the present plaintiff (the *St. Joseph Manufacturing Company*) had obtained judgment upon its claim against Yorton.

After the entry of judgment upon the last verdict, the railway company made answer in the garnishee proceedings of the plaintiff, setting forth the above proceedings. It also paid into court the amount of Yorton's judgment against it, and.demanded that the several claimants of the money so paid into court be required to interplead, and determine their respective rights thereto. An interpleader was accordingly awarded, and the contestants appeared in court, and litigated their respective claims to the fund. The court made an order that the same be paid over to the respondent *B. K. Miller*. The plaintiff appeals from such order.

For the appellant there was a brief by *M. H. Brand*, attorney, and *C. M. Bice*, of counsel, and .oral argument by *Mr. Bice*. They contended that the liability of the railroad company as garnishee in this case became fixed and determined immediately upon the rendition of the verdict against it in favor of the principal defendant in the garnishee suit. *Jones v. St. Onge*, 67 Wis. 520; *Prentiss v. Danaher*, 20 id. 311.

For the respondent there was a brief by *Finches, Lynde & Miller*, and oral argument by *Mr. Geo. P. Miller*.

LYON, J. The only question to be determined on this appeal is whether the plaintiff in the garnishee suit (the appellant) is entitled to the money paid into court by the railway company. If that question is resolved in the negative, it is quite immaterial to the appellant whether the money be paid to *Mr. Miller*, or to any other of the interpleaded parties.

It requires no discussion or reference to authorities to dem-

onstrate that a claim for personal injuries, while it remains unliquidated, is not the proper subject of garnishment. Such a claim is not even assignable. *Kusterer v. Beaver Dam*, 56 Wis. 471. The proceeding by garnishment is for the purpose of effecting a compulsory assignment of a claim by process of law. It is entirely obvious that, if a claim be of such a nature that the claimant cannot make a voluntary assignment of it, the law will not enforce a compulsory assignment. Although the demand of Yorton was in judgment when the garnishee process was served, yet the reversal of that judgment left the case the same as though none had been rendered; that is to say, it was a mere unliquidated claim for damages for personal injuries, not assignable and not garnishable, and, of course, not due beyond any future contingency. Sec. 2769, R. S., provides that "no judgment shall be rendered upon a liability of a garnishee arising . . . (4) by reason of any money or any other thing owing from him to the defendant, unless, before judgment against the defendant, it shall have become due absolutely, and without depending on any future contingency." This section is a complete bar to the garnishee action, because long before the claim against the railway company had become due absolutely, and beyond any future contingency, the plaintiffs in the garnishee suit had perfected their judgment against Yorton.

It was objected, on the argument in this court, that no use could be made of the answer of the respondent *Miller* against the appellant, because it was not served on the latter. That answer has not been used against the appellant. The answer of the railway company shows conclusively that it was not liable as garnishee to the appellant. The latter failed to take issue upon such answer, and hence, as to the appellant, its allegations are verities. That answer shows conclusively that the appellant is not entitled to the fund in controversy. On that question the appellant has had its

day in court, and, as before said, it is quite immaterial to that company which of the several interpleaded parties obtains the fund in controversy.

*By the Court.*— The order of the county court is affirmed.