## N. H. IVES v. E. J. ADDISON.

PRACTICE—*Assignment of Judgment—Garnishment.* F. brought an action against C., before a justice of the peace, for the recovery of money. After judgment was given by the justice in favor of F., he duly assigned the same to A., which assignment was filed by the justice and noted on the record. Subsequently, C. appealed from the judgment to the district court, and the certified transcript of the

record taken up on appeal showed the assignment to A. The case was there continued in the name of F., and judgment was again given for plaintiff. Later, a creditor of F. caused C. to be garnished, and he answered that he was indebted to F. upon the aforementioned judgment. *Held,* That the assignment of the judgment to A. transferred all interest therein of F. to A., and the credit could not thereafter be garnished or appropriated by the creditor of F.

*Error from Greenwood District Court.*

THE case is stated in the opinion.

*R. C. Summers,* and *C. W. Shinn,* for plaintiff in error.

*R. P. Kelley,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought in the district court of Greenwood county, by E. J. Addison against N. H. Ives and W. S. Robertson, clerk of the district court of Greenwood county, to recover $56, alleged to have been paid to the clerk, Robertson, in satisfaction of a judgment owned by Addison, and which amount was paid by the clerk of the court to Ives. From the record it appears that on December 9, 1885, one William Freeman owned a herd of cattle upon which H. P. Croff held a first mortgage, and E. J. Addison a second mortgage, to secure the payment of debts owing to them respectively by Freeman. On that day Freeman sold the cattle to Croff, under an arrangement that Croff should purchase them at an agreed price, and that the balance of the purchase-money remaining after the satisfaction of Croff's mortgage should be paid to Addison, to apply upon his debt and second mortgage. Under this arrangement there remained a balance of about $141 to apply upon the second mortgage. Croff failing to pay this balance, an action was begun by Freeman before a justice of the peace to collect the same, and on December 28, 1885, he recovered a judgment for $212, and on the same day the judgment was duly assigned to Addison. Croff subsequently appealed from the judgment of the justice of the peace to the district court, and on May 26, 1886, the cause was

again tried, and judgment rendered against Croff for $141.90; and immediately thereafter another written assignment was made by Freeman to Addison. On the same day Ives was the holder of a judgment against Freeman, and about the time that a result was reached in the trial of the case of Freeman v. Croff, Ives caused a notice of garnishment to be served upon Croff. On June 5, 1886, Croff answered the interrogatories in the garnishment proceeding, and stated that he was owing Freeman on the judgment in the case of Freeman v. Croff, and an order was made that he pay into the hands of the clerk of the district court a sum sufficient to satisfy the judgment in the case of Ives v. Freeman, which was about $54. On July 9, 1886, Croff paid to the clerk of the district court the amount of the judgment and costs in the case of Freeman v. Croff, and the clerk receipted for the amount and canceled the judgment. On the same day and at about the same time Ives demanded from the clerk an amount sufficient to satisfy his judgment against Freeman, and the clerk thereupon paid to him $54 out of the amount paid in by Croff. Subsequently Addison, finding that the judgment against Croff, which had been assigned to him, was fully paid and satisfied, demanded that the clerk pay to him the amount received, and the clerk thereupon paid him the amount, less the $54 which he had previously paid to Ives. Addison then began this action to recover the balance, and at the September term, 1886, the cause was tried by the court without a jury. By consent, Robertson was dropped out of the case, and the finding and judgment of the court were in favor of Addison, of which judgment Ives now complains.

Some objections are made to rulings in the reception of testimony, but we do not think any of them are substantial or require discussion. It is insisted that the finding and judgment are contrary to the evidence and the law. No special findings of fact were asked for or made, and therefore the view taken by the court of the evidence, and the exact grounds upon which its judgment was placed, cannot be stated; but under the facts disclosed in the record the judgment must be

upheld.   It is claimed in behalf of Ives that the money in controversy was rightfully paid to him by the clerk, for the reason that the notice of garnishment was served upon Croff and the funds in his hands attached before Addison acquired any right in the judgment.   Independent of the fact that Addison had a lien on the cattle and a right to the funds arising from their sale, we think the garnishment proceeding did not operate to transfer Croff's indebtedness or any part of it to Ives.   The order of garnishment operated only as an assignment or transfer to Ives of any debt due from Croff to Freeman at the time the notice was served.   If the debt or judgment was assigned to Addison before that time, it was placed beyond the reach of garnishment. (Civil Code, § 206; *Johnson v. Brant*, 38 Kas. 754; same case, 17 Pac. Rep. 794.) Now it appears that an assignment was made by Freeman to Addison at the time the judgment was obtained against Croff before the justice of the peace.   This transfer was based on a valid consideration, and no subsequent one was necessary; and therefore the second assignment, and whether it was made before or after the notice of garnishment was served, may be left out of consideration.   It is true that an appeal was afterward taken and the case prosecuted further in the name of Freeman, the assignor of the judgment.   But this did not nullify the assignment nor affect the interest which Addison thereby acquired.   Section 40 of the code provides that in case of any transfer of interest during the pendency of the action it "may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."   Addison chose, as is allowable, to continue the action in the name of Freeman as plaintiff, and it cannot be successfully said that no notice of this assignment was given.   It appears that the transcript of the record from the justice's court showed an assignment of the judgment to E. J. Addison, dated December 28, 1885. A certified transcript showing this fact was transmitted with the undertaking on appeal and the other papers in the case to the district court, and hence all parties had notice of the trans-

fer of interest to Addison. Beyond that there is much in the testimony that indicates that Croff had actual notice of the interest of Addison, and that he was actively endeavoring to assist Ives in securing a portion of the amount paid in by him upon the Freeman judgment. But his liability as garnishee is not to be adjudicated in this action. Addison was not a party to the garnishment proceeding, and had no notice of it, and hence it cannot be said that he has waived his right acquired under the assignment. The assignment, being effectual, transferred all right to the judgment and its fruits from Freeman to Addison, and only such property, money or credits as belonged to Freeman at the time the notice was served could be affected or bound by the garnishment. It is therefore clear that Addison was entitled to the full amount paid in upon the judgment, and therefore we think the district court reached the correct result.

Assignment of judgment— garnishment.

The judgment will be affirmed.

All the Justices concurring.