W. P. GILLETTE *et al.* v. GEORGE W. COOPER *et al.*

1. GARNISHMENT PROCEEDINGS—*What Bound by.* Garnishment proceedings bind only such property, money, and credits, not exempt from attachment and garnishment, as belong to the defendant, in the possession of the garnishee, or owing by him to the defendant, at the time of the service of the process upon the garnishee.

2. LIENS, *When*—*When not.* The garnishee process of the plaintiffs and of the State Bank, having been served upon C. & F. several days before the Mumford draft came into their possession, did not be-

come liens on the proceeds of said draft in their hands. But the process in behalf of C. & V., having been served upon C. & F. after said draft came into their possession and before the proceeds thereof were paid over to Mumford, became a lien on said draft, and they were entitled to the money arising therefrom to the extent of their claims against Mumford.

*Error from Osborne District Court.*

THE opinion contains a sufficient statement of the case.

*R. G. Hays,* for plaintiff in error.

*E. F. Robinson,* for defendants in error Cooper & Vanscyoc.

Opinion by STRANG, C.: Action to determine who is entitled to certain moneys in the hands of Cochrane & Farwell, as garnishees of the plaintiffs and defendants. Cochrane & Farwell, who resided at Osborne, Kas., were solicitors for certain loan companies, including the Kansas Mortgage Company, of Topeka, Kas. As such solicitors, they took the application of W. H. Mumford, of Osborne county, for a loan in the sum of $800, and forwarded it to said mortgage company. The company sent its land examiner to view the land, and, on receipt of his report, made out and forwarded to Cochrane & Farwell a note and mortgage for the amount of the loan. These papers were executed by Mumford and wife on the 4th of February, 1889, and recorded and returned to the company at Topeka on the 5th; and on the 18th Cochrane & Farwell received from the company a draft to their order for $733.95, the net proceeds of said loan. In the meantime, after the company had sent to Cochrane & Farwell the papers for execution, the latter had advanced, on their own responsibility, several small sums of money to Mumford on said loan. Mumford being in debt to several parties, Cochrane & Farwell were, on the 7th of said month, served with process of garnishment by Gillette Bros., the plaintiffs herein. On the 10th they were served with like process in behalf of the State Bank; and on the 18th, after.

they had received from the loan company the draft of $733.95, and before they had paid it out, except to repay themselves the amount advanced by them to Mumford, they were garnished by the defendants Cooper & Vanscyoc. On the trial, the court found that the plaintiffs and the State Bank had no lien by reason of their garnishments; that the defendants Cooper & Vanscyoc were entitled to the first lien on the money in the hands of Cochrane & Farwell belonging to Mumford, and that the State Bank was entitled to the balance of the money on an agreement with Mumford, who dropped out of the case. The question here is, how should the money in the hands of Cochrane & Farwell have been distributed, under the facts as they appear, which are undisputed?

This court said, in the case of *Johnson v. Brant*, 38 Kas. 754, that—

"Garnishment proceedings bind such property, money, and credits, and only such, as belong to the defendant, and are not exempt from attachment and garnishment, and are in the hands of the garnishee or owing by him to the defendant, at the time when the garnishee notice is served upon the garnishee."

This case was referred to and approved in the case of *Ives v. Addison*, 39 Kas. 175. Cochrane & Farwell were in no wise indebted to Mumford until they received from the mortgage company the draft in payment of the Mumford loan. Under the facts of this case, no contractual or other relation existed between Mumford and Cochrane & Farwell, whereby the latter were indebted to him in any sum prior to the receipt of the said draft. Up to that period any indebtedness between them was in their favor, they having advanced to him several small sums upon their own responsibility, for which they were to be reimbursed out of the proceeds of the loan when made by the company; nor did Cochrane & Farwell have in their possession any moneys or credits belonging to Mumford, prior to the receipt by them of the draft from the mortgage company.

When the company made its draft in payment of the Mumford loan it made it payable to |Cochrane & Farwell. But it was for the use of Mumford. It represented the proceeds

of the loan made by him from the mortgage company. From the receipt of said draft by Cochrane & Farwell until the proceeds thereof were paid over to Mumford, they had in their possession moneys belonging to him to the amount of said draft less the advances made by them to him, which were to come out of the proceeds of said loan. Under the authorities above cited, process of garnishment served upon Cochrane & Farwell after the receipt of said draft, and before the payment by them of its proceeds to Mumford, attached to and bound the money represented by said draft in their possession. But process of garnishment served upon Cochrane & Farwell before the reception by them of the draft belonging to Mumford did not and could not attach to and bind the proceeds of said draft in their possession, for the reason that it was not yet in their possession.

The facts of the case show that the garnishee process in behalf of the plaintiffs, Gillette Bros., was served upon Cochrane & Farwell on the 7th of February, 1889, and that of the State Bank on the 10th of the same month, while Cochrane & Farwell did not come into possession of the Mumford draft until the morning of the 18th of said month. It follows, then, that the trial court was right in holding that neither the plaintiffs nor the State Bank obtained any lien on the proceeds of the said draft in the possession of Cochrane & Farwell.

Cooper & Vanscyoc were more fortunate, for the facts show that they got service of garnishee process upon Cochrane & Farwell on the 18th, after they had received the Mumford draft from the mortgage company, and while the proceeds thereof were still in their possession. This process, therefore, became a lien upon the money in the hands of the garnishees belonging to Mumford. It follows that the trial court was right in so holding. We therefore recommend that its judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.