KINGMAN & CO. v. M. A. CARTER *et al.*

**No. 702.**

DIVORCE AND ALIMONY—*Prior Debts of Wife—Exemption.*
Where a divorce is granted on account of the cruelties of the
husband, alimony awarded the wife cannot be subjected to the
payment of her debts existing prior to the decree of divorce.

Error from Marion district court; O. L. MOORE,
judge. Opinion filed August 15, 1898. Affirmed.

*John D. Milliken,* and *Keller & Dean,* for plaintiffs in
error.

*W. H. Carpenter,* for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J. : In 1895 M. A. Carter, defend-
ant in error, was married to N. J. Shallenbarger.
Before her marriage she deeded her homestead to her
prospective husband. On the 19th day of December,
1896, on account of the cruelties of her husband, she
was granted a divorce and alimony. The following
appears in the journal entry :

"And it is further considered, ordered and adjudged
that said defendant do pay to said plaintiff as alimony
in said cause the sum of $1000, out of the defendant's
property, for the support and maintenance of said
plaintiff, and that the same be a lien on the following-
described property, to wit: . . . within sixty
days herefrom, and to the defendant's attorneys the
sum of $250, as attorneys' fees for the prosecution of
said cause, and do also, within said time, convey to
plaintiff the property now occupied by her as a resi-
dence, to wit: . . ."

It is contended by plaintiffs in error that the words,
"out of the defendant's property, for the support and
maintenance of said plaintiff, and that the same be a

lien on the following-described property," were inserted by counsel after the journal entry was approved and filed.   We have examined the record and are satisfied that the correction was made in open court, that the attention of counsel for defendant was called to the matter, and that the amendment was approved by court and counsel.

In the consideration of this case we shall presume that the journal entry contained in the record is correct.   Before the divorce was granted, Kingman & Co., plaintiffs in error, obtained a judgment against the defendant in error and another for the sum of $1087.30. On the 18th day of December, 1896, an affidavit in garnishment was filed by plaintiffs in error and summons issued and served on N. J. Shallenbarger, the object and purpose being to subject the $1000 awarded as alimony to the payment of the debt due from M. A. Shallenbarger, now M. A. Carter, defendant in error, to plaintiff in error.

The question presented is, When a divorce is granted on account of the cruelties of the husband, and alimony is awarded the wife for her support and maintenance, can the alimony, by garnishment, be subjected to the payment of the wife's debts existing prior to the granting of a divorce?   Section 61, chapter 96, General Statutes of 1897 (Gen. Stat. 1889; ¶ 4756), provides :

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name, if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before her marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the property which came to him by marriage and

the value of his real and personal estate at the time
of said divorce ; which alimony may be allowed to her
in real or personal property, or both, or by decreeing
to her such sum of money, payable either in gross or
in instalments, as the court may deem just and equi-
table.''

There is a distinction between alimony and an
''equitable division of the property,'' as provided by
other sections of the statute. This is clearly stated
in the case of *Johnson v. Johnson*, 57 Kan. 348, 46 Pac.
701. Mr. Justice Allen, in the opinion, says :

'''Alimony is an allowance which by order of the
court the husband, or former husband, is compelled
to pay to his wife, or former wife, from whom he has
been legally separated or divorced, for her support
and maintenance.' The foundation for its allowance
is the duty of the husband to provide for the wife's
support ; and where a divorce or separation occurs
because of his fault, the duty of providing for her
maintenance continues, and the court by an allowance
of alimony compels its performance. A division of
the property of the parties is an essentially different
thing. No matter which party may be at fault, nor
what the decision of the court on the merits of an ap-
plication for a divorce, the court may for good cause
make an equitable division and disposition of the
property of the parties. In doing this, the power of
the court extends only over the property of the parties
owned by them at the time the order is made. It
cannot reach into the future and bind subsequent
earnings or accumulations of either party.''

Elaborate briefs have been filed by counsel, but we
shall not attempt to review the authorities cited, for
under the judgment and decree it is clear that the
$1000 was to be paid out of the husband's property
for the support and maintenance of the wife. This is
alimony, and under our law is given to the wife only,
in lieu of the support that the husband owes to her.

It is a fund created by the court, taken from the husband's resources for the support of the wife, and cannot be subjected to the payment of the wife's debts existing prior to the decree of divorce.

The question here decided has never been passed on by our supreme court.   For a general discussion of the proposition, attention is called to the case of *Romaine v. Chauncey et al.*, 129 N. Y. 566, 29 N. E. 826.

The judgment of the district court is affirmed.