### MOWBRAY v. MOWBRAY.

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

1. DIVORCE (§ 246*)—DECREE—MODIFICATION—ALIMONY.

Code Civ. Proc. § 1771, as amended by Laws 1904, c. 339, provides that, where a judgment for divorce has been rendered for the wife, the court, on application of the defendant, and on proof of plaintiff's marriage after such final judgment, "must" by order modify and annul the provisions thereof as to alimony. *Held*, that such provision was mandatory, so that, on the remarriage of a divorced wife, the husband was entitled as a matter of law to be relieved from the payment of alimony, notwithstanding he was in default for payments accrued.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 696; Dec. Dig. § 246.*]

2. DIVORCE (§ 246*)—ALIMONY—REMARRIAGE OF DIVORCED WIFE—EFFECT.

The granting of a motion to relieve a divorced husband from further payments of alimony under the divorce decree, because of the remarriage of his divorced wife, was effective only to relieve him from further payments of alimony from the time the order is made, and does not affect the wife's right to recover arrears of alimony previously accrued.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 246.*]

Appeal from Special Term, New York County.

Action by Nellie J. Mowbray against Andrew Mowbray. From an order denying defendant's motion to amend a final divorce decree by striking out a provision awarding plaintiff alimony, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

James C. Cropsey, for appellant.
Jerry A. Weinberg, for respondent.

McLAUGHLIN, J. On the 20th of May, 1905, the plaintiff obtained from the defendant a final judgment of divorce. By one of its provisions the defendant was directed to pay her the sum of $12 a week alimony, and also an additional sum for the support of two minor children. The alimony was paid to the 26th of December, 1908, when the plaintiff again married. On the 1st of December, 1909, the defendant made a motion to amend the final judgment by striking therefrom the provision directing him to pay alimony. The motion was denied, and he appeals.

The fact that the plaintiff married at the time stated, and that the defendant had fully complied with the judgment directing the payment of alimony up to that time, is not disputed. In opposition to the motion, however, it did appear from an affidavit of the plaintiff that no alimony had been paid subsequent to the marriage, and that defendant was also indebted to her in a certain sum for the support of the children. The motion, as appears from a memorandum handed down by the learned justice who heard it, was denied for this reason.

The motion should have been granted. Under the provisions of section 1771 of the Code of Civil Procedure the defendant had a legal right, the plaintiff having again married, to have the judgment awarding her a divorce amended by striking therefrom the provision as to alimony. The judgment was entered on the 20th of May, 1905; and chapter 339 of the Laws of 1904, which amended the section of the Code referred to by adding thereto a new provision, took effect on the 1st of September preceding the time the judgment was entered, and therefore applied. This amendment provides that where an action is brought by a wife, and a final judgment of divorce has been rendered in her favor, the court, upon the application of the defendant, on notice, and on proof of the marriage of the plaintiff after such final judgment, "must" by order modify such final judgment, by annulling the provisions thereof directing the payment of money for the support of the plaintiff. The facts set out in the moving papers, showing that the plaintiff had again married, were not denied, and therefore the court, if the statute were to be obeyed, could do nothing but grant the motion. The statute, it will be noticed, is imperative in form. The court "must" modify the judgment. It has no discretion. The purpose sought to be accomplished by this statute was to prevent a woman who had married after a judgment of divorce being supported either in whole or part by her former husband. The marriage having taken place, the defendant was entitled to have the judgment amended.

If it be true, as alleged by the respondent, that he had not paid the alimony directed by the judgment, or certain sums for the support of the children, up to the time the motion was made, such facts were entirely immaterial. He was not thereby deprived of the relief which the statute gave him. If anything is due the plaintiff for alimony, or for the support of the children, her remedy is by proceeding under the judgment. Whatever rights she has thereunder, including her remedy to enforce payment, if anything is due, could not and would not have been affected, had the motion been granted. The only effect of granting the motion would have been to have relieved

the defendant from the payment of alimony from the time the order was made.

The order appealed from, therefore, must be reversed, and the motion granted as of the date of the said order, without costs. All concur.