Davis, J.
The question which is submitted to us in this case is this: Can money or property which has been awarded as alimony be subjected to pre-existing debts of the wife? It seems to be conceded that the question should be answered in the negative, except in cases where the alimony *106 has come into the wife’s possession; but we'are of the opinion, for reasons which will be stated later, that at no time arid under no circumstances can alimony be lawfully subjected to the payment of a pre-existing debt. There is a clear distinction in reason between debts antecedent and debts subsequent to the time of the allowance and payment of alimony. The latter class may be presumed to have been made on the credit of, and with reference to, the alimony; not so the former.
Alimony is an allowance for support, which is made upon considerations of equity and public policy. It is not property of the wife recoverable as. debt, damages or. penalty. State on complaint of Cook v. Cook, 66 Ohio St., 566. It is based upon the obligation, growing out of the marriage relation, that the husband must support his wife, an' obligation which continues even after a legal separation without her fault. Being thus founded upon public policy and created in equity, it cannot be diverted from the purpose of support without public injury; and therefore the courts which create the fund should see. that it is not subjected to .the rapacity of pre-existing creditors who necessarily became such on the faith and credit of other funds. Such creditors have no claim on the support provided by the husband duririg the existence of the marriage relation. :We see no reason for allowing such a claim upon the support which he is compelled by law to make, whether with or without legal separation. Substantially the same answer was made to this question by the court of appeals *107 of New York in Romaine v. Chauncey et al., 129 N. Y., 566; and the same doctrine was announced in Kansas in Kingman & Co. v. Carter, 8 Kan. App., 46.
We do not think that this case runs parallel with the cases involving pension money, because Section 4747 of the Revised Statutes of the United States provides that money due to a pensioner shall enure wholly to the benefit of such pensioner only while it is in course of transmission to the pensioner; and because .the pensioner’s claim is wholly created by the statute.

Judgment of circuit court reversed and judgment for plaintiffs in error.

Summers, C. J., Spear, Shauck and Price, JJ., concur.