No. 19,951.

PAULINE MILBERGER, *Appellant*, v. ANNA VESELSKY, *Appellee.*

SYLLABUS BY THE COURT.

1. EXEMPTIONS—*Proceeds of Homestead.* Questions concerning the exemption of funds claimed to be the proceeds of a homestead held not to require decision.

2. SAME. The evidence held not sufficient to show that a purpose had been formed and adhered to to devote to the purchase of a home funds claimed to be the proceeds of a homestead.

3. SAME—*Division of Property by Husband and Wife—Property Not Exempt from Attachment for Wife's Debts.* Money received by a wife from her husband as her share in the division of their property held not to be exempt from seizure under attachment, notwithstanding an agreement that it was to be in full settlement of all her rights, including alimony, where a divorce was subsequently granted for her fault and without any allowance to her.

28—97 KAN.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed March 11, 1916. Reversed.

*George W. Holland,* of Russell, *William Osmond,* and *Elrick C. Cole,* both of Great Bend, for the appellant.

*A. C. Banta, Clyde Allphin,* and *James W. Clarke,* all of Great Bend, for the appellee.

The opinion of the court was delivered by

MASON, J.: Pauline Milberger sued Anna Veselsky for alienation of her husband's affection, and obtained a judgment for $500, which is not appealed from. At the commencement of the action an attachment was issued and levied· upon a note for $2000 (on which $400 had been paid), payable to the defendant, executed by her former husband, John Veselsky. A motion was made to discharge the note from the attachment on the ground that it was exempt for these two reasons: (1) the consideration of the note was a part of the proceeds of her interest in the sale of her homestead, and she had at all times intended to reinvest it in another homestead for herself and her dependent children; and (2) it was given her as alimony. On November 9, 1914, just before the trial of the main case, the motion to discharge the attachment was heard and sustained. The plaintiff appeals.

. The following facts may be regarded as established beyond controversy: On March 28, 1912, John and Anna Veselsky, being then husband and wife, entered into a written agreement, which recited that they could not continue that relation, and desired to make a division of their property and to arrange as to the custody of their minor children. It made these provisions: the husband was to pay the wife $1000 at once, and $2000 within a year, the deferred payment to bear interest; if he sold the land which was occupied as a homestead (and which was all the real estate that either owned) within a year he was to pay the $2000, with interest, at the time of sale, and in the meantime that amount was to be a lien against it; with this exception the husband was to own absolutely all the property, real and personal, the latter being worth $2000; the wife was to have the custody of their two daughters, and the husband that of their four minor sons; in case of a divorce

these provisions were to be in settlement of all rights to either party, including alimony, costs and the care and custody of the children. The arrangement thus outlined was carried out. The cash payment of $1000 was made, and on April 29, 1912, John Veselsky gave to his wife his note for $2000, secured by a mortgage on the homestead, which is the note now in controversy. On March 5, 1913, John Veselsky was granted a divorce on the ground of his wife's having abandoned him to live with Alex Milberger, the plaintiff's husband. He remarried, and on March 28, 1914, sold the land referred to. The $400 was paid on the note in March, 1913. Anna Veselsky moved to the county of Saskatchewan, in the province of Saskatchewan, Canada. Alex Milberger also moved to that county.

The plaintiff asserts that the defendant and Alex Milberger formed illicit relations in this country which have ever since continued, and that they are living together as husband and wife. The defendant denies such present relationship and avers that her home and that of Alex Milberger are two miles and a half apart.

(1) With respect to the claim of exemption founded upon the homestead theory a number of serious legal questions are suggested, such as whether that privilege can be asserted by a resident of another country; whether the homestead right should be deemed to have been lost by abandonment; and whether the note on which the attachment was levied is to be regarded as the proceeds of a homestead. In this connection it is to be borne in mind that the note represents a part of the lump sum of $3000, which it was agreed should be paid to the wife on a division with her husband of all their property, consisting of personalty worth $2000, as well as the homestead. While it was made a lien on the land, the maker was at liberty to satisfy it with funds derived from any other source. He retained the homestead, and did not sell it until later. The divorce was granted on the ground of Anna Veselsky having abandoned her husband. However, it will not be necessary to decide these questions, because of the conclusion reached with regard to the facts.

(2) The evidence on which the motion was heard was all in writing, and therefore this court may determine its effect as

though it were presented here in the first instance. (*Robinson v. Melvin,* 14 Kan. 484; *Mathewson v. Campbell,* 91 Kan. 625, 138 Pac. 637.) There can be no exemption based upon the homestead theory unless the defendant formed an intention at the time the property was divided, to which she has adhered ever since, to purchase a home with her share. (*Smith v. Gore,* 23 Kan. 488.) The burden of proof is ordinarily upon one claiming an exemption. (18 Cyc. 1493.) While that rule is not universal there are obvious reasons why it should apply in such a case as the present, where the existence of the exemption is dependent in part upon the operations of the claimant's mind (*State ex rel. v. Hull,* 99 Mo. App. 703, 74 S. W. 888), and where the privilege is one not directly given by statute (*Huskins, Bryson & Co. v. Hanlon et al.,* 72 Iowa, 37, 33 N. W. 352). In a first affidavit for the discharge of the attachment the defendant swore that at the time she had received the thousand dollars and the note now in question it was, and had ever since been, her intention to use both for the purchase of a home. In one subsequently made she said she had spent all that she had received, including the $400 paid on the note, largely for clothing, provisions, board, household and traveling expenses, but that she still intended to buy a home with the proceeds of the attached note. The statement of her intention is not corroborated in any way. There is no showing of any steps taken in that direction, or of any specific plans formed, or of any outward expression whatever of the purpose alleged. On the other hand, it is admitted that over $1400 (all that was available) of the fund which the defendant says she intended to use in the purchase of a home has been expended for other purposes. The question whether the defendant has been living in Canada with her paramour is material to the issue, as it bears upon the likelihood of her having formed and retained a purpose to use the proceeds of the note in buying a home. The evidence on the subject is in direct conflict. The denial of the defendant is supported by that of her mother, two brothers and Alex Milberger. It is contradicted by three witnesses who are not shown to be interested, two of whom swore that the defendant is the mother of a child born about the middle of September, 1914. A conclusion as to which set of witnesses is to be believed is aided by two letters between

Milberger v. Veselsky.

the defendant and Alex Milberger, the authenticity of which is not challenged, written in March and April, 1912, which clearly establish the illicit relations then existing between them. We are constrained to believe that the defendant's statement in this matter is untrue, and also that the assertion of a consistent purpose from the first to hold the proceeds of the note as a fund for the purchase of a home is a mere pretense—a device to secure its release from the attachment.

(3) The trial court held that the note was not exempt as alimony, and this ruling is approved. Alimony, being an allowance to the wife in pursuance of the husband's obligation of support, is exempt from seizure to satisfy any of her debts except those contracted after the decree, but this exemption does not extend to a payment ordered as her share in a division of community property. (1 R. C. L. 869, 870.) The note involved was not alimony. Nor was it given in lieu of alimony. It was executed by the husband to the wife in pursuance of an agreement for the division of their property, which contained a provision that all rights of either party, including possible alimony, were settled by it. The divorce was granted for the fault of the wife, and no obligation for her continued support was cast upon her husband. When the property was divided, doubtless the wife's share was fixed with reference to the fact that she was to have the custody of two of the children, but no specific part of it was shown to have been appropriated to that use.

The judgment is reversed and the cause remanded with directions to overrule the motion to discharge the attachment.