Dondelinger v. Dondelinger.

No. 21,113.

GEORGE DONDELINGER, *Appellee and Appellant*, V. SARAH E.
DONDELINGER, *Appellant and Appellee.*

### SYLLABUS BY THE COURT.

DIVORCE REFUSED—*Property Agreement Sustained by Evidence.* The
evidence considered, and held sufficient to sustain the judgment deny-
ing a divorce to either party, and refusing to set aside a property
agreement.

Appeal from Kingman district court; GEORGE L. HAY, judge.
Opinion filed June 9, 1917. Affirmed.

*Carr W. Taylor,* of Hutchinson, *H. E. Walter,* and *John H.
Connaughton,* both of Kingman, for the appellant.

*J. Q. Jenkins,* and *Charles C. Calkin,* both of Kingman, for
the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for a divorce on the ground
of abandonment. The answer prayed for a divorce on the
ground of extreme cruelty, and for cancellation of a contract
relating to property rights. Relief was denied both parties,
and both appeal.

On the plaintiff's side it is said that he was denied a divorce
because he did not seek the defendant's return after her final
departure. There were no special findings, and there was some
evidence that the plaintiff was as much responsible for his
wife's leaving as she was.

On the defendant's side it is said that a former attorney
for the defendant was allowed to testify to privileged matter.
A careful scrutiny of the transcript fails to disclose any im-
proper testimony, and if improper testimony had been ad-
mitted, the presumption would be that the court disregarded it.

The defendant says the contract was not freely and fairly
and understandingly entered into on her part. There was
abundant evidence to the contrary. It is further said that the
amount which the plaintiff contracted to pay the defendant was
not sufficient. This is not a ground of error. The question is

whether or not the judgment of the trial court is so manifestly unjust as to shock the conscience.

The parties were married in January, 1914. In July of the same year the defendant left the plaintiff and he agreed to pay her $1000 in installments. Some six weeks later she returned, and they lived turbulently together until January 6, 1915, when she again went away. Two hundred dollars had been paid on the previous contract, and it was in effect renewed for the remainder of the amount. One of the defendant's witnesses valued the plaintiff's property, consisting of real estate, by tracts, at the aggregate sum of $7440. The property was subject to a mortgage of $3650, so that its net value was $3790. Under the circumstances no abuse of discretion in refusing to abrogate the contract appears.

The judgment of the district court is affirmed.