No. 21,665.

THE FARMERS AND MERCHANTS BANK, *Appellee*, v. SARAH E. DONDELINGER, *Appellant*.

### SYLLABUS BY THE COURT.

1. GARNISHMENT—*Nonnegotiable Notes Not Yet Due—Subject to Garnishment.* A person indebted to the defendant in a civil action for the recovery of money, on nonnegotiable promissory notes not yet due, and payable on the happening of certain contingencies, is subject to garnishment.

2. SEPARATION AGREEMENT—*No Trust Created Thereby—Consideration Not Alimony.* A separation agreement, whereby for a consideration a wife releases her claim on her husband's property and to his support, does not create a trust, and the consideration is not alimony.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed July 6, 1918. Affirmed.

*Carr W. Taylor*, of Hutchinson, for the appellant.

*S. S. Alexander*, of Kingman, and *E. T. Foote*, of Hutchinson, for the appellee; *W. G. Gideon*, of Springfield, Mo., of counsel.

The opinion of the court was delivered by

BURCH, J.: The district court made an order directing a garnishee to pay money into court for the benefit of the plaintiff, and the defendant appeals.

The defendant was the defendant in the case of *Dondelinger v. Dondelinger*, 101 Kan. 179, 165 Pac. 849. In that case the court refused to cancel, at the behest of the defendant, a separation contract settling the property rights of the parties, whereby the defendant's husband was to pay her certain sums of money, evidenced by nonnegotiable promissory notes payable under certain conditions. The plaintiff in this action sued the defendant on a judgment previously obtained against her

in a foreign state, and garnished her husband. The garnishee answered that he had given the notes described, that the litigation over the contract had not terminated, and that he did not know whether or not he was indebted to his wife on the notes. After the termination of that litigation, after judgment in favor of the present plaintiff, and after the liability of the garnishee on the notes had become absolute, the order appealed from was entered. The order included a direction to the garnishee to hold, subject to the order of the court, money to become due on the contract.

The defendant says it is hornbook law that a debt must be due when the garnishment summons is served, or it cannot be garnished, and that a contingent indebtedness is not subject to garnishment. The defendant overlooks the provisions of the garnishment statute requiring the garnishee to answer respecting contingent as well as absolute liabilities (Gen. Stat. 1915, § 7126), making the garnishee liable to the plaintiff for debts to become due as well as debts due (§ 7134), postponing judgment for money owed until due absolutely and without depending on future contingency (§ 7135), and authorizing judgment for money owing but not yet payable, but postponing payment (§ 7135).

The defendant says the money was a trust fund created for her separate maintenance, and so was not subject to garnishment. The separation contract was not a trust agreement at all, and the money was not a trust fund for any purpose. The defendant and her husband settled up their property and other affairs, and the husband gave notes which became assets of the defendant like any other property she might have acquired in any other kind of a venture.

The defendant says the money was alimony, and that alimony cannot be garnished. Alimony is an allowance made by order of court. This money was not derived in that manner, but represented what the defendant agreed to take to release her claim on her husband's property and to his support.

Some other matters are presented which are without merit, and a question is asked which has nothing to do with the validity or propriety of the order appealed from.

The judgment of the district court is affirmed.