ELIZABETH JOHNS HARTIGAN v. JOHN A. HARTIGAN.[1]

April 25, 1919.

No. 21,202.

**Alimony — effect of remarriage of divorced wife.**

1. The remarriage of a divorced wife does not ipso facto cancel the obligation to pay the instalments of alimony awarded by the decree. It is, however, a change of condition of the divorced wife that, as to such allowances as were made for support merely, should strongly move the court to revise the decree upon application being made.

**Same — discretion of court in revision of decree.**

2. Upon an application to revise the decree in respect to alimony for support merely, the court may in the exercise of sound judicial discretion cancel accrued instalments as well as cut off future instalments. Such alimony is not to be regarded, even as to accrued instalments, vested property rights.

**Same — relief from accrued instalments.**

3. The showing in this case is such that the court below may have considered the alimony awarded to have been in part in lieu of a division of property accumulated by the joint efforts of the parties; but, even if that were not the case, there was no abuse of sound judicial discretion in the refusal to relieve defendant from accrued instalments, he, with full knowledge of plaintiff's remarriage and her claim to continued alimony, having refrained from seeking a revision of the decree.

Action in the district court for Hennepin county for absolute divorce and permanent alimony. From an order denying his motion for a modification of the order and decree, Jelley, J., defendant appealed. Affirmed.

*O'Brien, Young, Stone & Horn,* for appellant.

*Kerr, Fowler, Schmitt & Furber,* for respondent.

HOLT, J.

Plaintiff was granted a divorce February 10, 1915, and awarded permanent alimony of $75 per month. To defendant was given the care and

[1]Reported in 171 N. W. 925.

custody of the two children. In August, 1915, plaintiff remarried. The alimony was paid to her to and including that month. Since then nothing has been paid, though demanded. On August 14, 1918, defendant served notice of motion for a modification of the decree terminating the payment of alimony as of August 31, 1915. The court granted the motion in part by cutting off the alimony from the time the motion herein was served. Defendant appeals.

The question presented for decision is: Where a divorced wife, to whom is decreed permanent alimony payable in instalments, remarries, must the court abate all instalments accrued and unpaid subsequent to the remarriage, no matter when the husband applies for a modification of the decree, or is such abatement still a matter of judicial discretion?

Our attention has been called to no precedent holding that the remarriage of a divorced wife ipso facto cuts off the right to the alimony decreed. The two cases upon which defendant places the greatest reliance concede as settled law that the remarriage does not have this effect. Cohen v. Cohen, 150 Cal. 99, 88 Pac. 267, 11 Ann. Cas. 520, and Brandt v. Brandt, 40 Ore. 477, 67 Pac. 508. All judicial pronouncements agree that the remarriage is such a change in the situation of the parties that the court should reduce or abate future instalments of allowances made for support. Neither is there any discord among the authorities that where the permanent alimony instalments are in part in lieu of restoration to the wife of property brought to the husband, or in lieu of a division of the property acquired by their joint efforts during their married life, there should be no modification, at least not so as to destroy the restoration or division purpose of the decree. Nelson, Divorce & Separation, in discussing the effect of the remarriage of a divorced wife upon the right to receive the alimony awarded by the decree states in section 933:

"If alimony is considered a sum in lieu of a dower, a compensation and a payment in lieu of a division of property acquired by joint effort, or a decree for a sum brought to the husband at marriage, no subsequent conduct of the wife should release her former husband who has now become her judgment debtor. On the contrary, if the sum awarded is regarded as a kind of pension, an equivalent for the obligation created by marriage to support the wife, and which obligation is released by divorce,

then it would follow that when the divorced wife marries another her second husband assumes the obligation of support and the pension is terminated.   Or if the second husband has not sufficient ability, the amount may be reduced if she marries again.   *   *   *   Much of the confusion on this question is caused by the attempt to denote by the term 'alimony' all the various elements and property rights which are merged in one decree.   And yet it is believed that where the courts are permitted by statute to revise decrees of alimony from time to time, the facts and circumstances which influenced the court in making the allowance may be proved, and the alimony may be terminated or not according to circumstances."

We think this is the rule which should obtain in this state where there is statutory authority to revise the alimony allowance to meet changed conditions.   Section 7129, G. S. 1913.

Whether the court below considered that the alimony awarded was in part in lieu of a division of the property accumulated by the joint efforts of the parties, and standing in the husband's name, and hence refused to interfere more than he did with the decree, we have no means of knowing.   Plaintiff's affidavit, upon the hearing to abate the alimony, states that when she obtained the divorce she suffered greatly from defendant's mistreatment, set forth in her complaint and in the findings; that she was induced to consent to the alimony allowed her upon her understanding that it was to be permanent and in its nature compensatory for defendant's mistreatment and for her interest in the property he then owned as well as for her future support; that at that time his real and personal property was of the value of at least $10,000, and that his income is now approximately $10,000 a year.   There was no attempt to deny plaintiff's assertions.   It is apparent that, if the order appealed from was rested in any degree upon the truth of plaintiff's affidavit, defendant has no cause for complaint.   In the decree itself there is nothing to restrict the "alimony" awarded to an allowance for support merely.

But, assuming that the learned court below did not consider that the monthly allowance was in part in lieu of an interest in the property of defendant or other rights, we come to the question first propounded whether the order was erroneous in refusing to cancel accrued instalments. Some courts regard these as vested rights and not to be disturbed by any

revision of the decree.  Stillman v. Stillman, 99 Ill. 196, 39 Am. Rep. 21; Cole v. Cole, 142 Ill. 19, 31 N. E. 109, 19 L.R.A. 811, 34 Am. St. 56; Craig v. Craig, 163 Ill. 176, 45 N. E. 153; Krauss v. Krauss, 127 App. Div. 740, 111 N. Y. Supp. 788; Mowbray v. Mowbray, 136 App. Div. 513, 121 N. Y. Supp. 45; Cary v. Cary, 168 App. Div. 939, 153 N. Y. Supp. 712.  In New York there is now a statute making it mandatory on the court to eliminate the allowance for support if the divorced wife again marries, but, that notwithstanding, in the Mowbray case the court deemed accrued instalments protected as vested rights.  Prior to the enactment of the statute mentioned it was held, in Livingstone v. Livingstone, 173 N. Y. 377, 66 N. E. 123, 61 L.R.A. 800, 93 Am. St. 600, that the decree for permanent alimony was a vested right which neither legislature nor court could impair, there being no statute giving the court the power to revise such decree.  However, an inferior court, in Linton v. Hall, 86 Misc. 560, 149 N. Y. Supp. 385, refusing to follow the Mowbray ruling, held that the court was required by that statute to not only cancel alimony from the date of the application, but all alimony accrued subsequent to the remarriage as well.  It may also be said that Morgan v. Lowman, 80 Ill. App. 557, is in conflict with Stillman v. Stillman, supra, in that accrued alimony is held to partake of a vested right only up to the remarriage.  Gordan v. Baker, 182 Ill. App. 587, while recognizing the rule that remarriage does not ipso facto dissolve the obligation to pay alimony and that accrued alimony is a vested right that cannot be changed by a subsequent order of the court, holds that the wife may by laches lose that right to enforce it against the property left by her divorced husband.

That a divorced wife's remarriage, while not ipso facto canceling either future or accrued alimony granted for support merely, strongly impels the court to cut off the future, and permits judicial discretion to annul the accrued, is held in Cohen v. Cohen, supra; Brandt v. Brandt, supra; and Montgomery v. Offutt, 136 Ky. 157, 123 S. W. 676.  We regard that as a better rule.  The statute having regard for the uncertainties of the future gives the court a continuing power concerning the alimony part of the decree insofar as it relates to the support of the wife or children, so that it may be revised to meet changed conditions of the parties.  It would therefore seem proper that this power should also re-

late, in a measure, to accrued and unpaid instalments. For some good reason, such as ignorance of the true situation, the husband may have been prevented from applying for a modification of the decree to which changed conditions equitably entitled him. Such facts relieved from accrued instalments in the California and Oregon cases cited. On the other hand when, as here, the husband has full knowledge of the marriage of his divorced wife, and that, notwithstanding such marriage, she looks for the payment of the alimony awarded, and he sits by without requesting any revision of the decree, he has not much claim upon judicial discretion as to the instalments accruing in the meantime. His conduct amounts to an acquiescence of the justice of the decree as applied to the time passing. We are unable to see any abuse of discretion in the order as made. There is nothing to indicate that the court's decision is based upon what we hold to be an incorrect rule, namely, that the accrued instalments of permanent alimony for support are vested property rights incapable of being changed or annulled.

Defendant cites Albee v. Wyman, 10 Gray, 222; Southworth v. Treadwell, 168 Mass. 511, 47 N. E. 93; Brown v. Brown, 38 Ark. 324; Casteel v. Casteel, Id. 477; but the propriety of abating past due instalments of alimony was not involved. Wetmore v. Wetmore, 162 N. Y. 503, 56 N. E. 997, 48 L.R.A. 666, was decided on the proposition that the trust fund sought to be reached could not be taken for the support of the divorced wife after her marriage to another. Miller v. Clark, 23 Ind. 370, on which plaintiff relies, is not in point, for the Indiana statute requires an award of permanent alimony to be in gross and it is therefore not in the nature of an allowance for maintenance merely.

We conclude that, while the remarriage of a divorced wife is a cogent and convincing reason for an abatement of the permanent alimony awarded her for her support, it does not ipso facto abate payment, and when application is made to annul and cancel accrued instalments of such alimony the determination rests in the sound discretion of the court.

Order affirmed.