## MARY L. HARER v. JOSEPH P. HARER.[1]

October 27, 1922.

No. 23,013.

**Wife entitled to separate maintenance because of husband's refusal to provide home separate from his relatives.**

Although a husband has the right to designate the home where he and his wife will live, it is not an arbitrary right, but must be exercised with reasonable consideration for the wife. He may not compel an unwilling wife to live with her mother-in-law or in a house he occupies with other relatives, if her comfort and peace of mind will be seriously disturbed, but should provide her with a separate home in keeping with his circumstances. Under this rule, the evidence justified the court in finding that the plaintiff had sufficient cause to live separate from defendant and in adjudging that she was entitled to separate maintenance.

Action in the district court for Chisago county for permanent separation. The case was tried before Searles, J., who made findings and granted the separation from bed and board forever, adjudging that defendant pay plaintiff $150 for counsel fees and the further sum of $200 every six months for the maintenance of herself and child and awarding the custody of the child to plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*S. Bernhard Wennerberg* and *Stan D. Donnelly,* for appellant.
*Louis Solem,* for respondent.

LEES, C.

The parties to this action were married in October, 1917. They lived on neighboring farms and had known each other for several years. The farm on which defendant lived consisted of 120 acres, owned by him and his brother Frank subject to the life estate of their mother, a woman about 60 years of age, who lived with her sons and an unmarried daughter. When defendant brought his

[1]Reported in 190 N. W. 343.

wife to their home, it was understood that she was to take charge of the household. A week or two after she came, defendant's sister left and did not thereafter live on the farm. There was strife between plaintiff and her mother-in-law, and they could not reconcile their differences. In February, 1919, plaintiff gave birth to a child. Her mother-in-law went away some time before the child was born and did not return for 4 months. Plaintiff's own mother was with her during this period. After she left and plaintiff's mother-in-law returned, the old dissensions were renewed. Plaintiff and Frank were not on good terms and this added to the unpleasantness of the situation.

In October, 1919, plaintiff was sick, and, with the consent of her husband, went to her mother's home for medical treatment. After she had been there about 3 weeks, defendant asked her to come home. She refused to go back and live in the same house with his mother and brother, but offered to return if he would provide a separate home. He proposed to have his mother go and live with her other children. This did not suit plaintiff, who insisted that if Frank stayed in the old home she would not return to it. Defendant insisted that Frank should stay because he had a half interest in the farm and personal property and had joined with him in a lease from the mother, executed in March, 1919, for a term of two years. Plaintiff never has returned, but has continued to live with her mother, and defendant has continued to live with his mother and brother. He paid the bills of the doctor and nurse who attended his wife during her sickness, but has not contributed anything for her support or the support of their child since October, 1919. Plaintiff has had the care and custody of the child continuously. In the spring of 1920 she brought this action for separate maintenance. Defendant answered, charging her with desertion, and asked for an absolute divorce on that ground. After she brought her action and before he answered, he called on her, accompanied by his attorney, and made a formal request that she return to him. About the same time the parish priest accompanied plaintiff to her husband's home and attempted to bring about a reconciliation, urging defendant to yield to his wife's insistence upon a home of her own. It appears

from a memorandum attached to the findings that the trial judge made a similar suggestion and that it was not favorably received.

The court found that defendant was not entitled to a divorce and that plaintiff was entitled to a permanent separation from bed and board. Defendant was required to pay her $200 every six months for the support of herself and child, and was also required to pay the fees of her attroney. Judgment was entered accordingly and defendant appealed.

The learned trial judge expressed the opinion that although a husband has the right to designate the home where he and his wife will live, it is not an arbitrary right, but must be exercised with reasonable consideration for the wife; that defendant had no right to insist that his wife should live with his relatives, and that it was his duty to provide her with a separate home in which she should be sole mistress. In this we concur. It is a matter of common knowledge that a husband is frequently inviting trouble when he insists that his young wife shall live under the same roof with his mother. The older woman is apt to look on the younger with a critical eye and to disapprove of her ways. The younger is apt to be disquieted in mind and to become resentful, and so there is discord where there should be harmony. In the instant case, that is what happened. When such a situation arises, a wife may be justified in leaving the home of her husband and his relatives and in remaining away until he provides a home over which she alone is to preside. Brewer v. Brewer, 79 Neb. 726, 113 N. W. 161, 13 L. R. A. (N. S.) 222, and note collecting and digesting the cases.

We have not overlooked the contention earnestly made in defendant's behalf that his mother was away in October, 1919, and that, although she subsequently came back, defendant offered to have her go elsewhere to live if plaintiff would return. It is quite apparent that plaintiff's principal objection to the home defendant offered her was the continued presence of her mother-in-law, but we gather from the evidence that there were other objections. The house and all it contained were owned by defendant's mother. In taking charge of it, plaintiff had been made to feel that she was an interloper. Frank had sided with his mother in her quarrels with plain-

tiff, and to some extent defendant had also done so. In view of the strained relations which existed, it seems to us it was defendant's duty to provide plaintiff with a home wholly apart from his relatives, and that until he at least offered to do so in good faith she could not be charged with desertion in refusing to return to him.

We think the case is one for the application of the rule that a wife who is justifiably living apart from her husband may maintain an action against him for her separate support, Baier v. Baier, 91 Minn. 165, 97 N. W. 671; Robertson v. Robertson, 138 Minn. 290, 164 N. W. 980, and that the court might go farther and grant a permanent separation from bed and board on the ground that defendant had abandoned his wife and refused and neglected to provide for her within the meaning of subdivision 3, § 7135, G. S. 1913.

Judgment affirmed.