ELIZABETH V. BENSEL v. CORA M. HALL AND ANOTHER.[1]

April 12, 1929.

No. 27,154.

*W. W. Merrill, C. D. Bensel* and *Oscar Hallam,* for appellants.
*Daly & Barnard,* for respondent.

WILSON, C. J.

Defendants appealed from an order vacating a levy made on a judgment for alimony which plaintiff has against her divorced husband, C. D. Bensel. Plaintiff's indebtedness to defendant Hall was incurred prior to the entry of the alimony judgment.

In our system of jurisprudence we view alimony from the standpoint of the civil law rather than from that of the ecclesiastical courts of England. Alimony, like alimentum of the civil law from which the word may have come, relates to a provision for food, clothing, shelter and the necessities of life. It rests on marital duty to provide sustenance. The husband owes this duty in relation to the wife and also in relation with the outside economic world. He, rather than the community at large, is regarded as the proper source of support. He is amply rewarded by reciprocal duties. It does not rest on chivalry. But see 32 Yale L. J. 478.

The power of the court to grant a divorce depends upon statute. The power to grant alimony is inherent in equity jurisdiction. This

[1]Reported in 225 N. W. 104.

power is seldom exercised where the subject is treated by statute. 75 Cent. L. J. 426, note; Outlaw v. Outlaw, 118 Md. 498, 84 A. 383. There cannot be alimony without a valid marriage; but there may be alimony without a divorce. Baier v. Baier, 91 Minn. 165, 97 N. W. 671; Robertson v. Robertson, 138 Minn. 290, 164 N. W. 980; Harer v. Harer, 153 Minn. 317, 190 N. W. 343; Waller v. Waller, 160 Minn. 431, 200 N. W. 480; Hoffmann v. Hoffmann, 174 Minn. 159, 218 N. W. 559; 2 Va. L. Rev. 134; 10 Mich. L. Rev. 402; see 7 Iowa L. B. 116. Such actions rest within the jurisdiction of ordinary suits in equity. 2 Dunnell, Minn. Dig. (2 ed.) § 2806; see G. S. 1923 (2 Mason, 1927) § 8614. But regardless of statute equity will enforce a legal obligation in the absence of an adequate legal remedy for its enforcement.

In some states alimony is given to a delinquent wife and in others not. 71 Cent. L. J. 194. Allowances to the wife pendente lite may be granted although she may have means of her own. 72 Cent. L. J. 209; 2 Dunnell, Minn. Dig. (2 ed.) § 2802. The amount is governed by necessities depending much upon the parties' station in life, the wife's requirements being largely what they would be if living with the husband. 15 Mich. L. Rev. 81; 18 Ill. L. Rev. 528; 2 Dunnell, Minn. Dig. (2 ed.) § 2803. Under some circumstances alimony may be granted after the entry of a final decree of divorce. 10 Minn. L. Rev. 254.

A husband owes his wife the duty of support and maintenance. But he does not owe her a debt in a legal sense. It is not a liability to pay but an obligation to do, founded not on contract, but on natural duty. Yet it is enforceable as a legal liability. Though valuable, it is in relation to pre-existing creditors a stranger in the field of property. It is not a debt within the constitutional prohibitions against imprisonment for debt. Hurd v. Hurd, 63 Minn. 443, 65 N. W. 728; 7 Minn. L. Rev. 407; 2 Dunnell, Minn. Dig. (2 ed.) § 2808; 19 C. J. 301. It is not a debt for the purpose of foreign attachment. Wright v. Wright, 93 Conn. 296, 105 A. 684. It is not a debt provable in and extinguishable by bankruptcy. Wetmore v. Markoe, 196 U. S. 68, 25 S. Ct. 172, 49 L. ed. 390, 2 Ann.

Cas. 265. An instalment of alimony, to become due at a future time, is not assignable. Kempster v. Evans, 81 Wis. 247, 51 N. W. 327, 15 L. R. A. 391. It is not a debt within the meaning of our constitution or our statute relating to exemptions. Mahoney v. Mahoney, 59 Minn. 347, 61 N. W. 334. Its characteristics are unique. It may continue after the wife has remarried. Hartigan v. Hartigan, 142 Minn. 274, 171 N. W. 925. It is subject to modification. The fact that it is made a lien upon real estate to secure its payment does not change its nature. Appellants urge that alimony is not included in our exemptions, but in our view the question is not one of exemption.

The question relates to the right of a pre-existing creditor to a particular fund, which, being created by equity, is protected by equity. "The question concerns a species of property of a peculiar and specific character, created and existing for one purpose only, and whose express limitations take it out of the general rule." As said by another, it has "restraint and limitation written all over its face by the very law and decree which brought it into existence."

By alimony equity continues the marital duty to furnish sustenance beyond the termination of the marital relation, and equity compels the payment but does not change its nature. In substance, though not in form, the duty is still of the same character. It is a substitute for marital support. Webber v. Webber, 157 Minn. 422, 196 N. W. 646. It rests upon considerations of equity and public policy. A diversion of alimony from its true purpose will result in public injury. No court of equity will permit a pre-existing creditor to obstruct the performance of a duty so obviously essential from the standpoint of public interest. The performance of this duty when evidenced by a judgment is just as much a matter of public interest as was the performance of the fundamental duty in its intangible and original form. A pre-existing marital duty is defined in the judgment in terms of money. It is the same old duty in different clothes. It was not within the reach of pre-existing creditors before the award; and, representing the same social and public welfare obligation, it should not be within their reach

after the award. Its nature and purpose remain the same. The award changes the general discretionary duty of the husband into a specific duty, which is to be performed, not as he thinks best, but as the court directs. The pre-existing creditor necessarily became such upon the faith and credit of funds other than this alimony. She has no equitable claim upon this fund. There is a clear distinction in reason between pre-existing debts and debts incurred subsequent to the time of the allowance. The subsequent creditors furnishing necessities may be presumed to have done so on the strength of and with reference to the alimony. 1 R. C. L. 869, § 8. But the rights of subsequent creditors are not here determined.

Our views are sustained by authority. Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826, 14 L. R. A. 713, 26 A. S. R. 544; Andrews v. Whitney, 82 Hun, 117, 31 N. Y. S. 164; Kingman & Co. v. Carter, 8 Kan. App. 46, 54 P. 13; Wright v. Wright, 93 Conn. 296, 105 A. 684; Daniels v. Lindley, 44 Iowa, 567; Milberger v. Veselsky, 97 Kan. 433, 155 P. 957; Adams v. Storey, 135 Ill. 448, 26 N. E. 582, 11 L. R. A. 790, 25 A. S. R. 392; Methvin v. Methvin, 15 Ga. 97, 60 Am. D. 664, note; 53 Sol. J. 465; 5 Va. L. Reg. 365; 15 Colum. L. Rev. 630; 5 Minn. L. Rev. 296; 16 Colum. L. Rev. 217; 12 Colum. L. Rev. 638; 24 Colum. L. Rev. 801; 91 Cent. L. J. 34; 19 C. J. 202; 55 A. L. R. 361, Anno. A contrary view would nullify the purposes of alimony and render its protective and humane provisions ineffectual.

A division of property is essentially a different thing. Kingman & Co. v. Carter, 8 Kan. App. 46, 54 P. 13; Johnson v. Johnson, 57 Kan. 343, 46 P. 700; Milberger v. Veselsky, 97 Kan. 433, 155 P. 957; 1 R. C. L. 869, 870; Farmers & M. Bank v. Dondelinger, 103 Kan. 444, 175 P. 109; 19 C. J. 203.

Affirmed.