No. 32,500

OLGA ZANDER, *Appellant*, v. SARAH J. BRIGHT, *Appellee*.

(52 P. 2d 368)

834

Opinion filed December 7, 1935.

*William J. Wertz, Vincent F. Hiebsch* and *Forest V. McCalley,* all of Wichita, for the appellant.

*Charles G. Yankey, Harvey C. Osborne, John G. Sears, Jr., Verne M. Laing, G. K. Purves, Jr.,* all of Wichita, *J. B. Lewright* and *W. M. Lewright,* both of San Antonio, Tex., for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment dissolving an attachment on certain oil royalties belonging to the appellee.

Briefly, the pertinent facts were these: In 1930 Sarah Bright, appellee herein, was divorced from her husband and given custody of two minor children of the discordant parents. She was also given certain Wichita real estate and personal property and oil and gas royalties in Sedgwick county, "as her sole and separate estate," and which were "to constitute her permanent alimony" but out of which she was "to support and educate two minor children."

Later Sarah Bright was sued by the present appellant, Olga Zander, in a federal district court in Texas, and subjected to a judgment for $25,000. The cause of action appears to have been based on alienation of the affections of Olga's husband. This was followed by an action on that judgment in the Sedgwick county district court. Service on Mrs. Bright was by publication, as she had become a nonresident of Kansas, and an order of attachment was issued to subject her oil and gas royalties in Sedgwick county to the satisfaction of the $25,000 judgment.

Mrs. Bright moved to quash the service of summons by publication. When this motion was heard, evidence was adduced which showed that Mrs. Bright had run through with the considerable amount of property which she had received in the divorce judgment; she had sold and spent the proceeds of the Wichita real estate; and the income from the oil and gas royalties decreed to her had dwindled to about $50 per month. Meantime one of the two minor children had reached maturity and married; but the younger, a girl of

seventeen, had not yet finished high school when this attachment was dissolved, and it was shown that the diminished monthly income from royalties would scarcely suffice to support this minor daughter and would leave nothing whatever for the support of herself, and she had no other income.

The trial court overruled the motion to quash the service by publication. Mrs. Bright then filed a motion to dissolve the attachment. The same evidence adduced on the motion to quash the service was reiterated; the motion was sustained and the attachment dissolved. Hence this appeal.

Appellant first contends that the issue on the motion to dissolve the attachment was identical with the one raised on the motion to quash the service. We must hold otherwise. A publication service may be perfectly good as against an array of facts urged against it, but the same array of facts may be quite sufficient to sustain a motion for the dissolution of an attachment. Here there was no defect in the service by publication. The defendant, Mrs. Bright, was a nonresident, and she did have property within the jurisdiction. (R. S. 60-2525; 60-901.) But whether the property of a nonresident is subject to attachment or exempt therefrom is quite a different question. In the instant case the answer to that question turns upon the nature of the title to the oil and gas royalties which the divorce decree of 1930 conferred on Mrs. Bright.

Pertinent excerpts of the divorce decree read:

"It is by the court further adjudged and decreed that the plaintiff (Sarah Bright) have the custody and care of the two minor children, Lorene Bright and Mary Ellen Bright, and she is charged with their maintenance and support out of the funds in the settlement received by her from the defendant hereinafter set forth . . .

"It is by the court further adjudged and decreed, that the plaintiff have and take as her sole and separate estate free and clear from any claim or interest of the defendant (lands described and oil and gas royalties described).

. . . . . . . . . . . . . . . .

"It is by the court further adjudged and decreed, that the plaintiff have and take as her sole and separate property, free from any interest or claim of the defendant, the piano, household goods and effects.

. . . . . . . . . . . . . . . .

"It is by the court . . . further adjudged and decreed that the defendant [Thomas W. Bright] shall not be liable for any debts or obligations incurred by the plaintiff or their minor children above named from and after the 18th day of October, 1930.

"It is by the court further adjudged and decreed, that the real and personal property together with the oil and gas royalty interest above set aside and given to the plaintiff as her sole and separate estate is and shall constitute her permanent alimony out of which she is to support and educate the two minor children above named."

On the hearing of the motion to dissolve the attachment the trial court made a finding of law and fact which reads:

". . . This court takes the provision in the decree of divorce . . . as to permanent alimony out of which is to come the support and education of the children as indefinite and uncertain and . . . (holds) that the children do have an interest in the property so set aside.

"The application to dissolve the attachment is sustained."

Was the foregoing a correct interpretation of the decree? A majority of this court hold that this question requires a negative answer. No specific amount of the property awarded to Mrs. Bright was for the support of the children. The oil and gas royalties (and the other property) were adjudicated to be her sole and separate estate. She has made her own operative interpretation of her rights under the divorce decree, and has sold the real estate and spent the proceeds without regard to any legal or equitable color of right in the children thereto. The language of the decree which stated that Mrs. Bright was to support and educate the two minor children out of the property decreed to her was not a limitation upon her unqualified title and interest in the property. It adds nothing to a property award in a decree of divorce to say that one of the parties thereto is charged with the burden of the support and education of the minor children of the litigants. All parents are so charged, divorced or undivorced; and no order charging either parent exclusively with such duty is final. It can and should be altered whenever the wants, needs or welfare of the children so require.

Counsel for appellee argue that even as alimony itself (and ignoring so much of the decree as may seem indefinitely to charge the property awarded to Mrs. Bright with some sort of trust in favor of the children) the oil and gas royalties were exempt from attachment for any indebtedness other than one incurred for necessities. Certain New York decisions support that view. (*West v. Washburn*, 138 N. Y. Supp. 230; *Maurice Baskin & Co. v. Howe*, 233 N. Y. Supp. 648. See, also, *Fickel v. Granger*, 83 Ohio St. 101, 93 N. E. 527, 52 L. R. A., n. s., 270; and 1 R. C. L. 869, 870.)

It appears, however, that the reports and textbooks do justify a somewhat different view. Thus in 19 C. J. 298 it is said:

"Alimony may be appropriated by a wife's creditors for the discharge of a debt contracted by her after the decree of divorce."

The cases cited in support of this quotation are *Milberger v. Veselsky,* 97 Kan. 433, 155 Pac. 957, and *Stevenson v. Stevenson,* 34 Hun (N. Y.) 157. In the Milberger case, while the present question was not squarely at issue, this court said:

"Alimony, being an allowance to the wife in pursuance of the husband's obligation of support, is exempt from seizure to satisfy any of her debts except those contracted after the decree." (p. 437.)

In the New York case just cited, although the basis of the indebtedness is not stated, it may be open to the inference that the debt was incurred for necessaries. See reference to the case in *Anna Tappe, Inc., v. Battelle,* 249 N. Y. Supp. 589.

The judgment for $25,000 in the federal court in Texas had for its basis a tortious wrong committed by Mrs. Bright against the appellant. The wrong and the judgment for damages which followed transpired after the divorce decree of 1930, and the appellee's oil royalties were subject to attachment to satisfy the just claim of appellant founded on the Texas judgment.

The judgment of the district court is reversed, and the cause remanded with instructions to reinstate the attachment.

DAWSON and HARVEY, JJ., dissenting.