Constantine J. Gekas, Jack Jaycox Law Firm, Bloomington, for Merriam C. Last.

James B. Storkamp, Hastings, for Douglas A. Last.

Christopher Farwell, Mark P. Kovalchuk, Moss & Barnett, Minneapolis, for Edward L. Winer, et al.

Considered and decided by SHORT, P.J., and NIERENGARTEN and NORTON, JJ., without oral argument.

**In re the Marriage of Merriam C. LAST, Petitioner, Appellant,**

v.

**Douglas A. LAST, Respondent.**

**Edward L. WINER, et al., judgment creditors, Respondents,**

v.

**Merriam C. LAST, judgment debtor, Appellant,**

**and**

**Douglas A. Last, garnishee, Respondent.**

**No. C5–88–2084.**

Court of Appeals of Minnesota.

April 4, 1989.

## OPINION

SHORT, Judge.

Appellant argues that the trial court erred as a matter of law in determining that respondent creditors could garnish appellant's spousal maintenance in order to collect a judgment for attorney fees. Appellant further contends that maintenance payments are not earnings within the meaning of Minn.Stat. § 571.55 (1988). We

disagree and affirm the trial court's decision.

## FACTS

Respondent Edward R. Winer, a lawyer with the law firm of Moss & Barnett, represented appellant Merriam C. Last in her dissolution proceeding. Appellant terminated Winer's legal services prior to resolution of her dissolution case. On June 19, 1987, a judgment in a lien action was entered against appellant in favor of respondents for unpaid attorney fees.

Appellant's dissolution case was resolved by judgment and decree entered in April of 1988. Pursuant to that decree, appellant was awarded permanent maintenance in the amount of $1,350.00 per month. Respondents then began garnishment proceedings to collect the judgment for attorney fees. Over appellant's objection, the trial court ruled that appellant's maintenance payments are subject to garnishment to satisfy the pre-existing judgment.

## ISSUE

Did the trial court err in holding that spousal maintenance payments are subject to garnishment pursuant to Minn.Stat. § 571.42, subd. 2 (1988)?

## ANALYSIS

### I.

Appellant argues that respondent should not be allowed to garnish spousal maintenance payments in order to collect the judgment for attorney fees. Appellant cites a 1929 decision by the Minnesota Supreme Court to support her argument. *See Bensel v. Hall*, 177 Minn. 178, 180–81, 225 N.W. 104, 105 (1929). The trial court ruled that the *Bensel* decision has been overturned by legislative enactment. We agree.

Minn.Stat. § 550.37, subd. 1 (1988) provides that certain property is not liable to attachment, garnishment, or sale on any final process. That statute does not include spousal maintenance in the list of property exempt from garnishment proceedings. Nor does it appear that any of the listed exemptions could be interpreted to include spousal maintenance as exempted from garnishment. We interpret the statute to exempt only property that falls within a listed category. Minn.Stat. § 645.19 (1988); *Board of Education v. Public School Employees Union Local No. 63*, 233 Minn. 144, 149, 45 N.W.2d 797, 801 (1951). *See also McDonald v. Johnson*, 229 Minn. 119, 123, 38 N.W.2d 196, 199 (1949) (no statutory exception prevents attorneys' lien from attaching to alimony award). Spousal maintenance is not within an exempt class. If the legislature inadvertently omitted spousal maintenance as exempt property, it is the legislature's function to extend exemptions.

### II.

Appellant argues that if maintenance payments are subject to garnishment, then the 25 percent limitation on garnishment of disposable earnings, provided for in Minn. Stat. § 571.55, subd. 2(a) (1988), should be applied. Since appellant failed to raise this issue before the trial court, we decline to address the matter on appeal. *See Matter of K.T.*, 327 N.W.2d 13, 16–17 (Minn.1982).

## DECISION

Appellant's spousal maintenance payments are not exempt from garnishment pursuant to Minn.Stat. § 550.37. The trial court did not err in holding that spousal maintenance payments are subject to garnishment pursuant to Minn.Stat. § 571.42, subd. 2.

Affirmed.